**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
DOUGLAS MEYERHOFF,

                Plaintiff,

        - against -

LOCAL UNION NO. 74 of the SERVICE
EMPLOYEES INTERNATIONAL UNION,
AFL-CIO,

                Defendant.
-----------------------------------------------------X

**REPORT & RECOMMENDATION**

06-CV-2199 (SLT) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

    Plaintiff filed this action seeking relief under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, claiming that defendant, Local Union No. 74 of the Service Employees International Union, AFL-CIO, breached its duty of fair representation.[1] Complaint ¶ 1. Before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's claim is time-barred. Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def.'s Br.") at 4. For the reasons set forth below, I respectfully recommend that defendant's motion to dismiss be granted and plaintiff's complaint be dismissed in its entirety.

## BACKGROUND

    The facts are straightforward and not in dispute. Defendant is a labor organization and the exclusive collective bargaining representative of the custodial workers employed in the New York City public school system. Def.'s Br. at 1. On or about June 9, 1989 plaintiff was hired by

---

    [1] Plaintiff's complaint purports to state three causes of action. However, two of them are essentially requests for damages.

the New York State Board of Education Custodial Engineers as a full-time custodian at PS 46 in Brooklyn. Complaint ¶ 7. Plaintiff remained employed at PS 46 as a full time custodian through September 5, 2003. *Id*. ¶ 12. During that time, the New York City Board of Education retained Johnson Control Services ("Johnson") as an independent contractor to perform custodial services for New York City public schools. *Id*. ¶ 8. In 2000, Colin Services was retained by either Johnson or the New York City Board of Education to take over and perform custodial services for New York City public schools.[2] *Id*. ¶ 10. Despite the change in employers, plaintiff continued to perform custodial services at PS 46. *Id*. ¶ 12. At the time of plaintiff's dismissal in September 2003, plaintiff asserts he was an employee of Colin Services. *Id*. ¶ 11.

Sometime between April 2002 and September 2003, plaintiff experienced problems with Johnson and other Johnson employees which he reported to his union representative, Barry White ("White"). Complaint ¶¶ 13, 14. On September 5, 2003, plaintiff alleges that his employment with Johnson was wrongfully terminated as a result of discrimination against him based on his disability and race (Caucasian). *Id*. ¶ 17. Plaintiff contacted White and requested that defendant file an arbitration grievance against Johnson. *Id*. ¶ 19. Defendant filed an arbitration grievance on plaintiff's behalf, arguing that plaintiff had been terminated without just cause. *Id*. ¶ 23, Def.'s Br. at 2.

Defendant provided representation for plaintiff throughout his arbitration. Def.'s Br. at 2. Arbitration hearings were held on January 26, March 29, and April 26, 2004, before Arbitrator

---

[2] Plaintiff's complaint alleges that at the time of his dismissal he was an employee of Colin Services, but also claims that he was fired by Johnson. The complaint never quite makes clear the relationship between Johnson and Colin Services, but for purposes of this report, I will assume that Colin Services is a subcontractor of Johnson.

Elliot D. Shriftman, Esq. ("Arbitrator"). *Id*. at 2. Defendant called four witnesses on plaintiff's behalf, including plaintiff. *Id*. at 3. On August 4, 2004, the Arbitrator issued a 29-page written decision, and determined that there was just cause for plaintiff's termination. *Id*. at 3.

Plaintiff filed suit against defendant on May 11, 2006, claiming that defendant breached its duty of fair representation. Complaint ¶ 1. Plaintiff alleges that defendant's representation at the arbitration was performed in a "perfunctory, apathetic, indifferent and cursory manner." *Id*. ¶ 23. On August 25, 2006, defendant filed the instant motion to dismiss arguing that plaintiff's claim is time-barred. Docket Entry 6. The Honorable Sandra L. Townes referred this matter to me on June 5, 2007 for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(3). Docket Entry 13.

## DISCUSSION

I.  Standard of Review

A motion to dismiss under Rule 12(b)(6) should be granted only where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 101 (2d Cir. 2003) (internal quotations and citations omitted). The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006).

In deciding a motion to dismiss, a court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *E.g., Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003). The court's task "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Levitt*, 340 F.3d at 101 (internal quotations and citations omitted). The issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims. *See Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995). In deciding a motion to dismiss, the court must limit itself to the facts alleged in the complaint, to any documents attached to the complaint as exhibits or incorporated by reference therein, to matters of which judicial notice may be taken, or to documents within plaintiff's possession or of which plaintiffs had knowledge and relied upon in bringing suit. *See Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

II.   Plaintiff's Claim Is Untimely

The statute of limitations for a claim of breach of the duty of fair representation is six months. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983). The limitations period begins to run when the plaintiff "knows or reasonably should have known that the union has breached its duty of fair representation." *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995) (citing *Flanigan v. Truck Drivers Local 671*, 942 F.2d 824. 827 (2d Cir. 1991)). Where a grievance has run its full course and culminated in a decision by an arbitrator, courts uniformly use the date of the arbitration award as the accrual date or at the latest, the date of notification of the final decision. *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 165 (2d Cir. 1989); *Corr v. MTA Long Island Bus*, 27 F. Supp. 2d 359, 372 (E.D.N.Y. 1998)

(plaintiff knew or should have known that union breached its duty of fair representation when arbitrator issued written decision); *McCoy v. Potter*, No. 01 Civ.1984(SHS)(GWG), 2002 WL 31028691 at *10 (S.D.N.Y. 2002) (accrual date began when employee received notice of adverse arbitration award).

Here, the Arbitrator's decision was issued on August 4, 2004. At the latest, plaintiff knew or should have known of the defendant's alleged breach of its duty of fair representation on that date. Plaintiff did not bring suit until almost two years later on May 11, 2006. Docket Entry 1. Therefore, plaintiff's claim is time-barred.

Plaintiff for the first time alleges new facts in his memorandum of law in opposition to defendant's motion to dismiss. If the Court were to consider these new factual allegations, it would be required to convert defendant's motion to dismiss into a motion for summary judgment. *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988) (factual allegation presented in briefs or memoranda may not be considered in a Rule 12(b)(6) motion). Even when so converted, however, dismissal would still be appropriate.

Plaintiff now alleges that defendant breached its duty of fair representation by never intending to call Mrs. Carman Gonzalez ("Gonzalez"), the school principal, to testify at the arbitration hearing. Plaintiff's Memorandum of Law in Opposition of Defendant's Motion to Dismiss ("Pl.'s Br.") at 8. Plaintiff contends that Ms. Gonzalez' presence at the hearing was important because she was a witness to certain events and because she had been "untruthful and inconsistent" in reporting his work performance at PS 46. *Id.* at 5. Plaintiff claims that he did not become aware that the union never planned on calling Gonzalez to testify until December

2005, when a former co-worker, Ronald Lewis ("Lewis"), informed plaintiff that White told Lewis that defendant had no intention of calling Gonzalez as a witness. *Id*. at 6.

These new factual allegations are immaterial. The reason why the union did not call Gonzalez as a witness, whether through nefarious intent or due to negligence, does not effect the outcome here. It was the *fact* that Gonzalez was not called to testify that caused any purported breach of the duty of fair representation, and not the reason why she was not called. Indeed, plaintiff makes this precise point in his opposition papers:

> Because the Arbitrator in page 28 of his decision makes specific mention of the admission of the Gonzalez letter and clearly puts weight on what was stated in that letter we can only speculate as to whether the decision could have been different if Gonzalez had testified and was found not to be credible as was the contention of [plaintiff].

*Id*. at 6. Plaintiff's knowledge that the union failed to adequately represent him does not turn on whether the union acted deceptively or in good faith. Rather, it turns on whether the union called Gonzalez to testify, period. Again, it was readily apparent to plaintiff by August 2004 at the latest that the union failed to compel Gonzalez' testimony at the hearing. Therefore, plaintiff's claim, which was not filed within six months thereafter, is time-barred.

## Conclusion

For the foregoing reasons, I respectfully recommend that plaintiff's complaint be dismissed in its entirety. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Sandra L. Townes within ten days of receiving this Report and Recommendation. Failure to file timely objections may

waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).


**Dated: June 11, 2007**
      **Brooklyn, New York**

                                              *Ramon E. Reyes, Jr.*
                                          **Ramon E. Reyes, Jr.**
                                          **United States Magistrate Judge**